UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDMUND DELISI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:14 CV 2125 RWS |
| | ) |
| MIDLAND FUNDING, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on Defendant Midland Funding, LLC ("Midland")'s Motion to Dismiss Case and Plaintiff Edmund Delisi's Motion to Remand Case to State Court in this Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), action. The parties oppose each other's motions and the motions are fully briefed. For the reasons that follow, I will grant Midland's motion to dismiss and will deny Delisi's motion to remand as moot.

## Background

This action is based on events occurring in a previous debt collection lawsuit. The debt collection suit was brought by Midland against Delisi in the Circuit Court of Franklin County, Missouri on February 28, 2014. On April 15, 2014, Midland obtained a default judgment against Delisi for the full amount of the debt owed. Delisi never appealed or otherwise directly attacked the entry of default judgment against him.

On November 26, 2014, Delisi filed this suit in the Circuit Court of Franklin County, Missouri, alleging that Midland's conduct in connection with the debt collection suit violated the FDCPA. On December 31, 2014, Midland removed this action to this Court pursuant to 28 U.S.C. § 1441(a). On January 20, 2015, Delisi filed his First Amended Complaint.

In the complaint, Delisi alleges that Midland sent Delisi a collection letter dated November 16, 2013, informing Delisi that it would be filing a lawsuit against him for a debt of $3,019.53. On February 28, 2014, Midland filed the debt collection suit. In the debt collection suit, Midland pleaded that it was the assignee of the original creditor, Citibank, that there had been an agreement between Citibank and Delisi, and that Citibank and Midland had made demands for payment to Delisi for the outstanding sum of $2,294.32, but Delisi had failed and refused to satisfy the obligation. Delisi alleges that the demand letter was confusing because it sought an amount different from the amount demanded in the state court petition.

Delisi also alleges that Midland failed to attach proper documentation to the state court petition in violation of the FDCPA. Delisi pleads that Midland failed to attach a contract or agreement between Citibank and Midland, any records of assignment of the debt, or an affidavit from Citibank to the state court petition. Instead, Midland attached an "affidavit of indebtedness" that was prepared by a Midland employee. Delisi alleges that because the affidavit was not prepared by Citibank, the original creditor, it was "therefore not made by anyone with personal knowledge about the debt, although Defendant falsely and deceptively claimed in the affidavit that it did have such personal knowledge."

Additionally, Delisi alleges that Midland, "came to realize, after many years of suing consumers like Plaintiff, that the vast majority of debtors lacked the resources to come into court to defend Defendant's meritless and unsubstantiated debt collection lawsuits," and that Midland filed the collection suit "intending to take advantage of [Delisi]'s dire economic circumstances and unsophistication." Delisi further alleges that Midland knew or should have known that Delisi would not have the resources to hire an attorney or "decipher the bogus affidavit" on his own. Based on all of these allegations, Delisi pleads that Midland "filed the Collection Suit and

took judgment against [Delisi] with full knowledge that it lacked the evidence required in Missouri to prove . . . standing to sue . . . and . . . the amount and/or validity of the debt." Delisi further pleads that, "[b]ut for these false representations, Defendant would not have obtained judgment against Plaintiff," causing actual damages of anxiety, frustration, and worry.

Delisi seeks relief under the FDCPA, 15 U.S.C. §§ 1692d-e, for utilizing false, unfair, and misleading representations in connection with the collection of a debt; § 1692d-f for engaging in deceptive and harassing conduct in the collection of a debt; and §1692f for unfair and unconscionable practices to attempt to collect the debt.[1]

On February 3, 2015, Midland filed the instant motion to dismiss, arguing that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, seeking dismissal of the case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On March 6, 2015, Delisi filed a motion to remand, arguing that if the Court finds that it lacks subject matter jurisdiction, it must remand the case back to state court rather than dismiss it altogether.

**Legal Standard**

The purpose of a Rule 12(b)(1) motion is to allow the Court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." Osborn v. U.S., 918 F.2d 724, 729 (8th Cir. 1990). "A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

---

[1] Delisi does not specify in the complaint how its allegations support each of the claims brought under the FDCPA. Rather, Delisi pleads all factual allegations together and then incorporates all of the allegations by reference to summarily assert that "[i]n their attempts to collect the alleged debt from Plaintiff, Defendants have committed violations of the FDCPA, 15 U.S.C. §1692 et seq."

3

plus the court's resolution of disputed facts." Johnson v. U.S., 534 F.3d 958, 962 (8th Cir. 2008) (internal quotation marks and citation omitted). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn, 918 F.2d at 729.

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (internal citation omitted).

## **Discussion**

### A. Rooker-Feldman Doctrine

Midland first argues that Delisi's claims are barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine deprives lower federal courts of jurisdiction to review state court judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine also deprives lower federal courts of jurisdiction over claims that are "inextricably intertwined" with claims adjudicated in state court. Id. at 482 n.16. A claim is inextricably intertwined under Rooker-Feldman if it "succeeds only to the extent that the state court wrongly

decided the issues before it [or] if the relief requested . . . would effectively reverse the state court decision or void its ruling." Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995). The doctrine precludes both straightforward and indirect attempts to "undermine state court decisions." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). However, the doctrine is a "narrow" one and is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Midland argues that Delisi is attempting to "re-litigate and undo the state court's determination" and it is therefore inextricably intertwined with the state court judgment. Midland also argues that Delisi's success in this case depends on a finding that the state court pleadings were insufficient, which would undermine the entry of the state court judgment. Delisi counters that he is not seeking to overturn the state court judgment. Rather, Delisi argues that he is merely challenging Midland's conduct in relation to the state court suit.

In applying the Rooker-Feldman doctrine, the United States Court of Appeals for the Eighth Circuit has "distinguished claims attacking the decision of a state court from those attacking an adverse party's actions in obtaining and enforcing that decision . . ." MSK EyEs Ltd. v. Wells Fargo Bank, Nat. Ass'n, 546 F.3d 533, 539 (8th Cir. 2008) (citing Riehm v. Engelking, 538 F.3d 952, 965 (8th Cir. 2008)). In the FDCPA context, this Court has refused to apply Rooker-Feldman to dismiss FDCPA claims when the complaint lacked a "challenge [to] the validity of the State court's judgment" or a "challenge [to] the underlying debt itself." See, e.g., Anderson v. Gamache & Myers, P.C., No. 07-336, 2007 WL 1577610, at *6 (E.D. Mo. May

5

31, 2007); Copeland v. Kramer & Frank, P.C., No. 09-310, 2009 WL 1684661, at *3 (E.D. Mo. June 16, 2009).

Here, Delisi specifically pleads that he "does not seek to invalidate or challenge the judgment entered against him" but rather seeks to challenge Midland's "litigation misconduct." A review of the complaint supports Delisi's description that the relief sought is a finding that Midland's conduct in the state court litigation, rather than the entry of default judgment, constituted a violation of the FDCPA. Additionally, granting Delisi's relief would not effectively reverse or void the state court's judgment. As a result, the Rooker-Feldman doctrine does not deprive this Court of jurisdiction.

Having found that Rooker-Feldman does not apply, I will deny Delisi's motion to remand as moot because it was contingent upon a finding that the Court lacked subject matter jurisdiction.

### B. Statute of Limitations

The FDCPA requires that claims be brought within "one year from the date on which the violation occurs." 15 U.S.C, § 1692k(d). Although a statute of limitations defense is not typically a ground for a Rule 12(b)(6) dismissal, it is where, such as here, "the complaint itself establishes the defense." Harris v. Barton, No. 13-02516, 2014 WL 3701037, at *3 (E.D. Mo. July 25, 2014).

Midland argues that Delisi's claims based on the November 16, 2013 letter are time barred because the letter was sent on November 16, 2013, more than one year prior to November 26, 2013, the date this action was filed. Delisi argues that he filed suit in accordance with the discovery rule, which "postpones a claim's accrual until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury."

Executive Air Taxi Corp. v. City of Bismarck, N.D., 518 F.3d 562, 570 (8th Cir. 2008). Delisi claims that there was no way he could have known that Midland was attempting to collect two different amounts on the same debt until the debt collection suit, which showed an amount due that was different from the amount stated in the letter, was filed. Because the suit was filed on February 28, 2013, which was within the one year statute of limitations period, Delisi argues that his claims based on the letter were timely.

In Mattson v. United States West Communications, Inc., the Eighth Circuit held that the date on which a debt collector places a letter in the mail is the date on which "conduct" occurs for purposes of determining the statute of limitations in a FDCPA case. 967 F.2d 259, 261 (8th Cir. 1992). Several district courts in the Eighth Circuit, including this Court, have read Mattson as holding that the FDCPA's statute of limitations is jurisdictional and cannot be equitably tolled. See, e.g., Harris v. Barton, No. 4:13CV02516 AGF, 2014 WL 3701037, at *3-4 (E.D. Mo. July 25, 2014); Mueller v. Barton, No. 4:13-CV-2523 CAS, 2014 WL 4546061, at *5 (E.D. Mo. Sept. 12, 2014); Young v. LVNV Funding LLC, No. 4:12CV01180 AGF, 2013 WL 4551722, at *3 (E.D.Mo. Aug. 28, 2013). Mattson is binding precedent, and I decline Delisi's invitation to ignore it.[2] As a result, Delisi's claims based on the November 16, 2013 letter are time barred and will be dismissed.

**C. Failure to State a Claim**

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors . . ." Dunham v. Portfolio Recovery Assocs., LLC, 663 F.3d 997, 1000 (8th Cir.2011).

---

[2] Furthermore, even if the one-year limitations period was subject to equitable tolling, grounds for equitable tolling do not exist here. A party seeking equitable tolling bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Credit Suisse Sec. (USA) LLC v. Simmonds, 132 S.Ct. 1414, 1419 (2012). Delisi has not met that burden. See, e.g., Oyegbola v. Advantage Assets Inc. II, No. 09CV10418–NG, 2009 WL 4738074, at *3 (D.Mass. Dec. 7, 2009).

7

Section 1692d of the FDCPA provides that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt." Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes a prohibition on a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

Midland argues that Delisi's allegations that Midland's "litigation misconduct" constitutes a FDCPA violation fails to state a claim. While the FDCPA's prohibitions apply to collection efforts through litigation, they also seek to preserve the judicial remedies of creditors. Hemmingsen v. Messerli & Kramer, P.A., 674 F.3d 814, 818 (8th Cir. 2012)). For these reasons, the Eighth Circuit has held that the determination of whether a plaintiff states a claim under the FDCPA based on litigation conduct is best decided on a case-by-case basis. Id. at 819.

1. Failure to Attach Documents to the State Court Petition

Delisi alleges that Midland failed to attach sufficient supporting documentation to its state court petition, including an affidavit from the original creditor, a contract or agreement purportedly existing between the original creditor and Delisi, or any records of assignment of Delisi's debt from the original creditor to Midland. Delisi alleges that Missouri law requires these documents be attached to a petition, and that Midland's violation of Missouri law "constitutes an unfair collection tactic."

Accepting as true Delisi's factual allegations that the documents were not attached to the petitoin, Delisi has failed to state a claim under the FDCPA because Delisi's legal conclusion is incorrect as a matter of law. Delisi alleges that Missouri Revised Statutes § 517.031 requires a

debt collector plaintiff to attach the contract between the original creditor and the plaintiff. However, § 517.031 merely states that, when filing a petition, "A copy of any written instrument or account in support of the petition *should* be attached and filed." Id. (emphasis added). The word "should" is merely advisory. As a result, based on the plain language of the statute, there is no requirement that a plaintiff attach these supporting documents to a petition. Delisi also argues that CACH, LLC v. Askew, 358 S.W.3d 58, 60 (Mo. 2012), requires a debt collector plaintiff to attach an affidavit from the original creditor to the petition. Delisi misstates the holding of Askew. In Askew, the court merely held that the debt collector plaintiff did not produce competent evidence of assignment of the debt *at trial* and, as such, the debt collector did not demonstrate that it had standing to pursue the claim *at trial*. Id. at 65. It never suggested that such evidence must be produced at the time of filing. Id.

Moreover, even if the failure to attach these types of documents would violate Missouri law, the violation of a state law does not amount to a FDCPA violation. While § 1692f prohibits "unfair or unconscionable means to collect or attempt to collect any debt," it is not "an enforcement mechanism for other rules of state and federal law." Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC, 480 F.3d 470, 474 (7th Cir. 2007); see also Carlson v. First Revenue Assur., 359 F.3d 1015, 1018 (8th Cir. 2004) ("The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation."). As a result, Delisi's claim that Midland violated the FDCPA when it failed to attach these documents to its state court petition will be dismissed for failure to state a claim.

2. False Affidavit

Delisi alleges that the "affidavit of indebtedness" Midland attached to the debt collection suit falsely and deceptively represented that Midland had personal knowledge about the debt. Delisi also alleges that, based on the statements in the affidavit, Midland falsely represented to the state court that it had standing and sufficient proof as to the validity and amount of the debt.

Although the filing of an affidavit is subject to the FDCPA, Eckert v. LVNV Funding LLC, 647 F.Supp. 2d 1096, 1103 (E.D. Mo. 2009), a review of the affidavit at issue here shows that Delisi's allegations lack merit.[3] The affidavit, which is Exhibit B #[21-2] to Midland's motion to dismiss, clearly states that it is written by "a Legal Specialist" with "access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff." The affiant further states that she is making "the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf," that "Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's CITIBANK USA, N.A. account XXXXXXXXXXXX9050," and that "I have access to and have reviewed the records pertaining to the account." Id.

In deciding a motion to dismiss, while a court must accept factual allegations as true, it need not accept as true legal conclusions. Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). Here, Delisi has not explained why the statements in the affidavit are false or deceptive. Nor is the affidavit false on its face. Delisi's best argument appears to be that the affidavit is false because no one other than a Citibank employee could have personal knowledge of the debt, so the affiant's claim of having personal

---

[3] A court may consider documents that are necessarily embraced by the pleadings, such as the affidavit, in a motion to dismiss without converting it into a motion for summary judgment. Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008) (internal citations omitted).

knowledge is deceptive. But that conclusion does not necessarily follow. Moreover, it is just that – a conclusion, which I need not accept as true. <u>Carton v. Gen. Motor Acceptance Corp.</u>, 611 F.3d 451, 454 (8th Cir. 2010). As a result, Delisi has not plausibly established that the affidavit is false, and Delisi's claims based on the "false" affidavit will be dismissed. <u>See</u> <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009).

      3.  <u>Taking Judgment with Full Knowledge that Midland Lacked the Required Evidence</u>

Midland argues that Delisi's theory of liability, which it characterizes as a claim that the nature and quality of the debt collection pleading violate the FDCPA, is not a viable claim under the FDCPA. Midland also argues that, even if such a claim is viable, Delisi fails to state a claim because the allegations lack factual support.

Delisi pleads that Midland sued on the "alleged debt without any way to substantiate the balance owed or even confirm that there was indeed a debt in the first place," that Midland knew it lacked the evidence required in Missouri to prove standing to sue and the amount and/or validity of the debt, that Midland filed suit "intending to take advantage of Plaintiff's dire economic circumstances and unsophistication," and that Midland had "come to realize, after many years of suing consumers like Plaintiff, that the vast majority of debtors lacked the resources to come into court to defend Defendant's meritless and unsubstantiated debt collection lawsuits."

Delisi's claims are similar to two types of FDCPA claims challenging litigation conduct in a previous debt collection suit. The first type of claim is that the filing of a debt collection lawsuit, without the immediate means of proving the existence of the debt, the amount of the debt, or that the debt collector owned the debt, is a FDCPA violation. Courts, including the United States Court of Appeals for the Sixth Circuit, have held that these types of allegations do

11

not amount to a claim under the FDCPA.[4]  See Harvey v. Great Seneca Financial Corp., 453 F.3d 324, 329-333 (6th Cir. 2006).  The second type of claim is that the filing of a debt collection lawsuit, without sufficient evidence at the time of filing, and without the intent to investigate or fully prosecute the case, may constitute a false or misleading representation in violation of the FDCPA.  Although no circuit courts, including the Eighth Circuit, have considered whether these types of allegations state a claim under the FDCPA, some district courts, including this one, have found that these types of allegations may state a claim.  The rationale behind recognizing such a claim appears to be that the party, in filing a suit, represents that they intend to prosecute it.  As a result, if there is no actual intent to prosecute the case, the filing of the debt collection suit amounts to a misrepresentation that the intent exists.[5]  See, e.g., Hinten v. Midland Funding, LLC, No. 2:13CV54, 2013 WL 5739035 at *2 (E.D. Mo. Oct. 22, 2013); Brewer v. LVNV Funding, LLC, No. 4:14CV00942, 2014 WL 5420274 (E.D. Mo. Oct. 22, 2014).

Delisi's allegations fall somewhere in between these two types of claims.  Although it is close, Delisi has alleged slightly more than the plaintiffs in Harvey.  The Harvey plaintiffs merely alleged that the defendant filed suit without the evidence to prove its claims.  Here, Delisi alleges that Midland filed suit "with full knowledge that Defendant lacked the evidence required in Missouri to prove . . . standing . . . and . . . the amount and/or validity of the debt," that

---

[4] This is because, as the Sixth Circuit explained, Fed. R. Civ. P. 11 "does not require attorneys to ensure that their client can prove its case before filing. Instead, the Rule mandates only that 'the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'"  Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 333 (6th Cir. 2006).

[5] This reasoning does not persuade me that these types of allegations, without strong factual support for claims of bad faith or lack of intent to prosecute by a debt collector plaintiff, would state a claim under the FDCPA.  In fact, there are valid arguments for finding that the filing of a debt collection lawsuit with only the intent to prosecute it to the extent the case may be resolved by the entry of a default judgment or by some other low-cost means is not a FDCPA violation.  If courts were to recognize these types of claims, a creditor seeking to collect on a relatively small debt might lose any financial incentive to do so because they will feel bound to either collect evidence sufficient to prove a case at trial before even filing the suit (which efforts may outweigh the potential return), or to risk being sued later for a FDCPA violation.  However, since the facts here are distinguishable from the other cases considering whether the claim is recognized, I need not made a determination either way.

Midland filed suit "intending to take advantage" of Delisi's economic circumstances, and that Midland "sued on [Delisi]'s alleged debt without any way to substantiate the balance owed or even confirm that there was indeed a debt in the first place." However, Delisi's allegations also do not amount to a claim that Midland filed suit never intending to prove its case in violation of the FDCPA. Even when construing the allegations in the light most favorable to Delisi, the complaint merely suggests that when Midland filed the state court suit, it did not have the evidence necessary to succeed at trial, and that Midland hoped to obtain a default judgment or to succeed in its case without expending considerable resources. A plaintiff's desire, and any associated legal strategy, to obtain a favorable judgment as inexpensively or expeditiously as possible is not improper, nor is it a FDCPA violation.[6] As the Eighth Circuit has explained, although the FDCPA applies to litigation collection efforts, care must also be taken to preserve the judicial remedies of creditors. Hemmingsen, 674 F.3d at 818.

Additionally, even if Delisi's complaint did state a valid theory for recovery under the FDCPA, the complaint would still fail because Delisi's allegations are devoid of factual support. In finding that the plaintiffs' claims would survive a motion to dismiss, the Hinten and Brewer courts emphasized the plaintiffs' factual support for their claims. In Hinten, for example, the court stressed the fact that defendants had allegedly "filed at least two suits with insufficient evidence to prove its case, never participated in discovery or responded to requests for documentation, and dismissed on the eve of trial without notice or explanation." Hinten, 2013 WL 5739035 at * 8. Likewise, the Brewer court noted that defendants had dismissed the debt collection action on the eve of trial. In contrast, here, Delisi has not alleged any facts to support the inference that Midland filed the debt collection suit without the intent to prove its case.

---

[6] See Fed. R. Civ. P. 1 ("These rules . . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

13

Rather, Delisi's allegations amount to conclusory assertions based on broad generalizations about Midland's intent. Furthermore, unlike the Hinten and Brewer defendants, Midland was successful in obtaining default judgment against Delisi in the debt collection suit. As a result, Delisi's allegation that Midland lacked the intent to obtain judgment in state court is inconsistent with Delisi's own pleaded facts.[7]

For these reasons, Delisi has failed to "nudge[] [its] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). As a result, Delisi's allegations are insufficient to state a claim of Midland "[u]tilizing false, unfair, and misleading representations in connection with the collection of a debt"; "[e]ngaging in deceptive and harassing conduct in the collection of a debt"; or "us[ing] unfair and unconscionable practices to attempt to collect the debt."

## Conclusion

For the reasons stated above, while I find that the Rooker-Feldman doctrine does not bar Delisi's claims, because Delisi's claims relating to the collection letter are time-barred and Delisi's remaining claims fail to properly state a claim under the FDCPA, the complaint will be dismissed in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Midland Funding, LLC's Motion to Dismiss Case #[20] is **GRANTED** and the case is dismissed without prejudice.

---

[7] To the extent that Delisi is arguing that the default judgment should not have been entered against him, Delisi is inviting me to review the state court's judgment, which is impermissible under Rooker-Feldman. Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000). Moreover, if that truly is Delisi's concern, he should have raised that issue during the proceedings below. He cannot now attempt to challenge the state court judgment by restyling his concerns as a FDCPA violation. Indeed, it is perplexing why Delisi has chosen to pursue relief by way of a FDCPA claim rather than by directly challenging the state court judgment or by bringing a claim in state court for abuse of process or malicious prosecution.

**IT IS FURTHER ORDERED** that Plaintiff Edmund Delisi's Motion to Remand Case to State Court #[26] is **DENIED** as moot.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of July, 2015.